(No. 75-1265—

IOWA-ILLINOIS GAS AND ELECTRIC COMPANY, Claimant, *vs.*
STATE OF ILLINOIS, Respondent.

*Opinion filed September 22, 1976.*

PERLIN, C. J.

This cause coming on to be heard on the Stipulation of the Respondent, and this Court being fully advised in the premises find that the Act, as set forth in the Stipulation of the Resondent, which stipulation is set out in full below, is sufficient to grant an award.

### "STIPULATION BY RESPONDENT"

Now comes the Respondent by William J. Scott, Illinois Attorney General, and stipulates as follows:

1. That the effective date of the State Comptroller's Act was January 8, 1973.

1A. The State Comptrollers Act, Warrants Procedure, Chapter 15, Sec. 222 of the Ill.Rev.Stat., 1975, states:

Warrants outstanding on the effective date of this Act shall be governed by the law in effect on January 7, 1973, except for such provisions of this Act as may be made applicable by the Comptroller with approval of the State Treasurer.

2. The Office of the Comptroller has confirmed that there were no regulations adopted relating to Chapter 15, paragraph 222, Ill.Rev.Stat., 1975.

3. It is admitted that warrant no. AA1737200 was issued to Iowa-Illinois Gas & Electric Co. in the amount of $196.27, (One Hundred Ninety-Six and 27/100) on December 1, 1971.

4. As of January 7, 1973, said warrant had not yet been presented to the Auditor of Public Accounts for collection. However, it was never presented for collection to the Office of the Comptroller.

5. That the law in effect on January 7, 1973, provided that if the Auditor of Public Accounts should reject the claim for payment of a void warrant, the Claimant could file an action in the Court of Claims (Chapter 49, Sec. 24, Ill.Rev.Stat., 1971).

6. Claimant's complaint for replacement of warrant no. AA1737200 was filed with the Court of Claims on May 1, 1975, less than four years from the date of issuance of said warrant.

7. That the law in effect on January 7, 1973, provided that any warrant issued by the State of Illinois and not cashed within two years of the date of issuance is void and escheats to the State of Illinois, (Chapter 49, Sec. 22, Ill.Rev.Stat., 1971).

8. That the law in effect on January 7, 1973, provided that the statute of limitations for such action as the instant case begins to run only upon the warrant becoming void (Chap. 29, Sec. 24, Ill.Rev.Stat., 1971) and in the instant case, said limitation period therefore began to run on December 1, 1973.

9. That the Court of Claims Act in effect on January 7, 1973, provided for a two year statute of limitations on all cases except contract actions and actions of vendors of goods and services to the State.

10. That therefore the instant action filed on May 1, 1975, was filed before the expiration of the applicable statute of limitations which would be four years from the date of issuance.

It is therefore ordered that the Claimant be granted an award in the amount of One Hundred Ninety-Six and 27/100 Dollars ($196.27).